UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL ALPERIN, et al<br><br>    Plaintiffs.<br><br>    v.<br><br>VATICAN BANK, et al.,<br><br>    Defendants.<br>_____/ | No. C-99-4941 MMC (EDL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DEPOSITION OF WILLIAM GOWEN** |

    Discovery has been stayed in this Holocaust restitution action. Before the Court is Plaintiffs' motion to take the deposition of William Gowen, who was a Special Agent in the Rome Detachment of the United States Army's Counter Intelligence Corps in 1947. Defendant Istituto per le Opera di Religione (IOR) and Order of Friars Minor (OFM) timely opposed the motion and Plaintiffs timely replied. On October 25, 2005, the Court held a hearing on Plaintiffs' motion.

    Plaintiffs relied on Federal Rule of Civil Procedure 27(b). At the hearing, the Court sua sponte raised the issue of whether this motion was more appropriately brought under Federal Rule of Civil Procedure 26 as a motion to carve out a limited exception to the broad discovery stay previously issued by the Court. Because that issue had not been directly briefed (although many of the same arguments applied), the Court permitted the parties to file supplemental briefs. IOR and Plaintiffs submitted briefs. In its October 28, 2005 supplemental brief, IOR did not substantively address the issue and instead submitted on the papers previously filed.

    There is good cause under Rule 26 to lift the discovery stay for the sole purpose of taking Mr. Gowen's deposition. Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any

1  matter relevant to the subject matter involved in the action."). Mr. Gowen is 85 years old and may be the
2  last living witness to relevant events that took place more than fifty years ago. Plaintiffs state that Mr.
3  Gowen has "relevant and material investigative information to connect the activities of Defendants during
4  and after World War II to the issues in question." In addition, Plaintiffs have provided Mr. Gowen's
5  eighteen-page declaration which chronicles his involvement in events that are relevant to this lawsuit.
6  Easton Reply Decl. Ex. 3. Briefly, Mr. Gowen was involved in tracking down the leaders of the Ustasha,
7  an underground Croatian organization aimed at overthrowing the Yugoslavian state. Declaration of Tom
8  Easton in Support of Pls.' Reply Ex. 3 at ¶ 2. He interviewed many witnesses at the time and also
9  investigated allegations that the Ustasha leader masterminded the theft of the Ustasha treasury, which
10 consisted of looted gold, jewelry and foreign currency from Croatian banks. See, e.g., id. at ¶¶ 7, 11, 22,
11 32. According to Plaintiffs, Mr. Gowen is considered one of the main authorities on the Ustasha and its
12 treasury. Reply at 4:16-5:16.

13  The perpetuation of his testimony will not impose an undue burden on IOR or on OFM; Plaintiffs
14 are not seeking discovery *from* either party. Further, it is uncertain when general discovery will be opened,
15 so the perpetuation of the testimony of Mr. Gowen, who is elderly, is particularly important. Finally,
16 although discovery is stayed pursuant to the Foreign Sovereign Immunities Act (FSIA) as to IOR, it is only
17 stayed by the parties' agreement as to OFM, which is not entitled to the protections of the FSIA, including
18 the protection against the burdens of early discovery.

19  IOR's and OFM's argument that Plaintiffs' motion should be denied as premature because Judge
20 Chesney has not ruled on all potentially dispositive legal issues is not persuasive. It will be many months
21 before all of the legal issues in this case are decided. IOR is scheduled to file its next motion to dismiss on
22 standing and sovereign immunity on January 20, 2006. If that motion is denied, IOR intends to bring
23 additional motions on its remaining defenses. Putting off Mr. Gowen's deposition, which will not likely be
24 particularly onerous for Defendants, for that long would be contrary to basic principles of fairness.

25  In the alternative, Rule 27(b) also supports leave to take Mr. Gowen's deposition. Rule 27(b) is
26 discretionary and provides in relevant part:

27  > If an appeal has been taken from a judgment of a district court or before the taking of
28  > an appeal if the time therefor has not expired, the district court in which the judgment
    > was rendered may allow the taking of the depositions of witnesses to perpetuate their
    > testimony for use in the event of further proceedings in the district court. . . . . The
    > motion shall show (1) the names and address of persons to be examined and the

> substance of the testimony which the party expects to elicit from each; (2) the reasons for perpetuating their testimony. If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay of justice, it may make an order allowing the depositions to be taken . . . .

The purpose of Rule 27 is "simply to preserve evidence that otherwise would be in danger of being lost." Application of Checkosky, 142 F.R.D. 4, 6 (D. D.C. 1992); see also Ash v. Cort, 512 F.2d 909, 911 (3d Cir. 1975).

Here, although there has been no official judgment pursuant to Federal Rule of Civil Procedure 58 in this case, the policy and purpose behind Rule 27(b) supports its application here. See W.H. Elliott & Sons v. E&F King & Co., 22 F.R.D. 280, 281 (D. N.H. 1957) ("The policy of the rule is to perpetuate testimony for use in the event of further proceedings in the District Court, and such is certainly possible."). Further, application of Rule 27(b) is grounded primarily in the need "to avoid failure or delay of justice." 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 348 (E.D. Penn. 2000) (quoting Fed. R. Civ. P. 27(b)). Moreover, courts have entertained Rule 27(b) motions in cases that do not appear to have a Rule 58 judgment. Empire National Bank of Traverse City v. Empire of America, 1983 U.S. Dist. LEXIS 17061 (W.D. Mich.) (considering a Rule 27(b) motion while the order denying preliminary injunction was on interlocutory appeal); Williams v. Moody, 1999 U.S. Dist. LEXIS 7320 (E.D. Penn.) (considering Rule 27(b) while the order dismissing the case for improper service and lack of personal jurisdiction was on appeal). Particularly instructive is a decision from the Southern District of Mississippi in which counsel for IOR in a separate case sought a deposition under Rule 27(b) for one of its witnesses when the order on a motion to dismiss was on interlocutory appeal. There, Judge Nicols permitted the Rule 27(b) deposition because the defendant had made the showing required under that rule even though discovery was stayed. See Easton Reply Decl. Pls.' Reply Ex. 2 (Dale v. Emilio Colagiovanni, C-01-663 BN (S.D. Miss March 10, 2005) (considering and granting Rule 27(b) motion while the order regarding the motion to dismiss was on interlocutory appeal)); see also Fed. R. Civ. P. 58(a) (a judgment must be entered when a jury returns a special or general verdict, when a court awards only costs or a sum certain, when the court denies all relief or when the court grants other relief not specifically described in the Rule); 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the

order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.")

Here, Plaintiffs have met their burden under Rule 27(b) of demonstrating that perpetuation of Mr. Gowen's testimony is proper to avoid failure or delay of justice.  Mr. Gowen's age, coupled with the uncertainty of when discovery in this case may open and with the fact that the events occurred over fifty years ago so there are few, if any, other living witnesses, weigh in favor of permitting this deposition.  Further, Plaintiffs have established "the substance of the testimony which the party expects to elicit" by filing Mr. Gowen's declaration  Fed. R. Civ. P. 27(b).

IOR argues that, as a foreign sovereign, it is immune from the burdens of litigation, and therefore of discovery, under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, et seq.  It is well-settled that to the extent that jurisdictional facts are in dispute under the Foreign Sovereign Immunities Act, "the parties should be allowed to conduct discovery for the limited purpose of establishing jurisdictional facts before the claims can be dismissed." Alpha Therapeutic Corp. v. Nippon Hoso Kyokai, 199 F.3d 1078, 1088-89 (9th Cir. 1999) (citing Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 713 (9th Cir. 1992)).  Although this case involves a foreign sovereign, the reasons behind the immunity generally afforded to the foreign sovereign under the FSIA do not apply with much force here to the very limited but important discovery sought, which may otherwise be lost altogether if delayed until resolution of all threshold legal issues, as Defendants urge.  There is little danger that the discovery Plaintiffs seek will unduly burden IOR; Plaintiffs are not seeking any discovery *from* IOR, Plaintiffs seek only to perpetuate the testimony of their own witness.  The parties cite no authority, and the Court can find none, directly addressing the interplay between the FSIA and Rule 27(b). Indeed, the Southern District of Mississippi ordered a Rule 27(b) deposition in a case involving the FSIA, although the court did not discuss the effect of the FSIA on the Rule 27(b) motion. Easton Reply Decl. Ex. 2 (Dale v. Emilio Colagiovanni, C-01-663 BN (S.D. Miss March 10, 2005).  IOR's argument that allowing Mr. Gowen's deposition would eviscerate the immunity is overstated.  Immunity under the FSIA protects the foreign sovereign from invasive or costly discovery; the Gowen deposition will not impact IOR except to the extent that its lawyers elect to attend and cross-examine.  The FSIA does not bar Mr. Gowen's deposition as to IOR.  Even if it did, OFM is not protected by the FSIA, so the deposition would not be barred as to that Defendant.

In its supplemental brief, IOR argued that if the Court permits Mr. Gowen's deposition, Plaintiffs should be required to produce a broad spectrum of documents relating to Mr. Gowen's deposition, such as "all documents that mention, refer to or relate to Mr. Gowen," and "all prior statements by Mr. Gowen." Supp. Brief at 3:7-14. Defendants did not raise this issue in its original opposition, even though it would seem to apply equally whether the deposition proceeded under Rule 26 or Rule 27. Moreover, even if Mr. Gowen were testifying as an expert, which Plaintiffs say that he is not, IOR would not necessarily be entitled to all of these documents. See Fed. R. Civ. P. 26(a)(2)(B) (describing documents that must be disclosed with expert opinion). Plaintiffs, however, are willing to produce to Defendants the documents that Plaintiffs will use during Mr. Gowen's deposition. Plaintiffs should do so. In addition, Plaintiffs must produce any documents reviewed by Mr. Gowen in preparation for his deposition.

Accordingly, Plaintiffs' motion for leave to take Mr. Gowen's deposition is granted. Mr. Gowen's deposition shall take place no later than December 15, 2005 at a mutually convenient time and place. No later than fifteen calendar days before the deposition, Plaintiffs shall produce to Defendants copies of the above documents.

**IT IS SO ORDERED.**

Dated: November 7, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge