IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMIL ALPERIN, et al.,

        Plaintiffs,

  v.

VATICAN BANK, et al.,

        Defendants.

No. C-99-04941 MMC (EDL)

**ORDER RE: DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

On January 27, 2006, Defendant Instituto per le Opera di Religione (IOR) filed a Motion for Protective Order to vacate the date set for the continued deposition of Mr. Gowen, and a Motion to Shorten Time to hear the Motion for Protective Order. Defendant Order of Friars Minor (OFM) joined in IOR's motions. Defendants argued that Plaintiffs' counsel noticed Mr. Gowen's deposition for February 9, 2006 even though Plaintiffs' counsel knew that Defendants' counsel were unavailable on that date. The record reveals that the parties exchanged e-mails about this issue, but were unable to reach an agreement on a mutually convenient date for the deposition. Plaintiffs filed an opposition to the Motion for Protective Order on February 1, 2006. OFM filed a responsive declaration on February 2, 2006. In lieu of setting a hearing date for Defendants' Motion for Protective Order, the Court held a telephone conference on February 3, 2006. Windle Turley and Jon Levy appeared for Plaintiffs. Jeffrey Lena appeared for IOR, and Tomislav Kuzmanovic and Paul Vallone appeared for OFM.

With the Court's assistance, the parties were able to agree on March 8, 2006 as the date for the continued deposition, subject to Mr. Gowen's availability. In any event, Mr. Gowen's deposition shall be completed no later than March 15, 2006. The Court previously ordered Mr.

Gowen's deposition as a way to preserve his testimony because he is elderly and it is uncertain when general discovery in this case will be opened. Although there is no indication at present of failing health that would preclude Mr. Gowen's further deposition, his age makes it important to complete his deposition as soon as possible. His further deposition has been delayed in large part because of the unavailability of defense counsel. Defense counsel may need to rearrange their non-trial schedules if necessary to ensure timely completion of his deposition. If Mr. Gowen's health precludes his further deposition, a court could appropriately take into account the reason for the delay in scheduling the deposition when deciding whether to permit use of the deposition in further proceedings.

During the telephone conference, Plaintiffs raised the issue of whether each party should pay for the pages of the deposition transcript reflecting that party's questioning. The parties are ordered to meet and confer on this issue in an effort to reach a resolution without court intervention.

**IT IS SO ORDERED.**

Dated: February 3, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge