IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL ALPERIN, et al., | No. C-99-04941 MMC (EDL) |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AND GRANTING IN PART PLAINTIFFS' MOTION TO PROVIDE MATERIALS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 44.1** |
| v. | |
| VATICAN BANK, et al., | |
| Defendants. | |

On June 13, 2006, the Court held a hearing on Plaintiffs' Motion for Jurisdictional Discovery and Plaintiffs' Motion to Provide Materials and Discovery pursuant to Federal Rule of Civil Procedure 44.1. For the reasons stated at the hearing and set forth below, Plaintiffs' Motion for Jurisdictional Discovery is denied without prejudice and Plaintiffs' Motion to Provide Materials and Discovery is granted in part.

**Motion for Jurisdictional Discovery**

Plaintiffs seek jurisdictional discovery from Defendant IOR and Defendant OFM based on the motions to dismiss filed by those Defendants, which rely in part on the declaration of Professor Settimio Carmingnani Caridi. The Caridi declaration provides an expert opinion pursuant to Federal Rule of Civil Procedure 44.1[1] on the legal status of IOR in 1999, and of the legal status of OFM and the College of San Girolamo. Specifically, the Caridi declaration opines on the Holy See's legal

---

[1] Rule 44.1 states: "A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law."

1 system, juridic persons, the legal status of the IOR, the location of the IOR, the organizational
2 structure of the IOR, the function of the IOR, ownership of the IOR, juridic status of the OFM and
3 juridic status of the College of San Girolamo.  A premise of Plaintiffs' argument in support of
4 discovery is that the Caridi declaration raises factual issues that are disputed.  The Court is not
5 persuaded by this argument; the Caridi declaration is a foreign law legal opinion pursuant to Federal
6 Rule of Civil Procedure 44.1, and opines upon matters of law, not factual disputes.

7     IOR moves to dismiss Plaintiffs' fourth amended complaint on the grounds that the Foreign
8 Sovereign Immunities Act ("FSIA") bars Plaintiffs' action against IOR and that Plaintiffs lack
9 standing.  Plaintiffs seek discovery from IOR regarding the purpose and functioning of the Vatican
10 Bank.  Under the FSIA, a foreign state is immune from the jurisdiction of federal and state courts,
11 subject to certain exceptions. 28 U.S.C. §§ 1604, 1605, 1607.  The presumption under the FSIA is
12 that "'actions taken by foreign states or their instrumentalities are sovereign acts and thus protected
13 from the exercise of our jurisdiction, unless one of the enumerated exceptions applies.'" Alpha
14 Therapeutic Corp. v. Nippon Hoso Kyokai, 199 F.3d 1078, 1084 (9th Cir. 1999) (citing Gregorian v.
15 Izvestia, 871 F.2d 1515, 1528, n. 11 (9th Cir. 1989)).  Where jurisdictional facts under the FSIA are
16 in dispute, "the parties should be allowed to conduct discovery for the limited purpose of
17 establishing jurisdictional facts before the claims can be dismissed." Alpha Therapeutic, 199 F.3d at
18 1088-89 (citing Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 713 (9th Cir. 1992)).
19 "In determining whether or not to permit jurisdictional discovery, however, there is a delicate
20 balance 'between permitting discovery to substantiate exceptions to statutory foreign sovereign
21 immunity and protecting a sovereign's or sovereign agency's legitimate claim to immunity from
22 discovery.'" Alpha Therapeutic, 199 F.3d at 1088 (citing First City, Texas- Houston N.A. v.
23 Rafidain Bank, 150 F.3d 172, 176 (2d Cir. 1998)).  To achieve this balance , "discovery should be
24 ordered circumspectly and only to verify allegations of *specific facts crucial to an immunity*
25 *determination*." Id. (emphasis added).

26     There is a critical distinction between a foreign entity's status as a sovereign, which entitles
27 it to protection under FSIA, and an entity's activities, which may be relevant to whether a FSIA
28 exception to sovereign immunity applies in a particular case.  To qualify as a sovereign, IOR must

2

be a separate legal person or an organ of the Holy See and neither a citizen of a State of the United States nor created under the laws of any third country. 28 U.S.C. § 1603(b)(1)-(3). To determine whether an entity is an organ, courts "examine the circumstances surrounding the entity's creation, the purposes of its activities, its independence from the government, the level of government financial support, its employment policies, and its obligations and privileges under state law." EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd, 322 F.3d 635, 640 (9th Cir. 2003). Here, Plaintiffs allege in their complaint that IOR engaged in for profit merchant banking, and in particular money laundering. Plaintiffs argue that IOR's alleged criminal activity is inconsistent with the pietical purpose of IOR established by the Caridi declaration. Plaintiffs argue that if the main business of the Vatican Bank is to launder money for the Mafia, "it is unlikely that the Holy See will admit that the Vatican Bank is its organ or under actual control and far more likely that it will disavow any control of criminal activities." According to Plaintiffs, this purported factual dispute regarding the purpose of the IOR warrants discovery into the real function of the IOR. However, there is no genuine factual dispute over facts crucial to an immunity determination. Even assuming arguendo that Plaintiffs are correct that the IOR engaged in criminal activity,[2] that activity by itself would not strip IOR of its pietical purpose or its sovereign status. Plaintiffs' argument that the Holy See would disavow the IOR thereby destroying any sovereign immunity is highly speculative and not sufficient to justify obtaining discovery from a sovereign.

The IOR recognizes that in some circumstances discovery regarding IOR's activities as opposed to its status as a sovereign could possibly be relevant if there were a factual dispute whether an FSIA *exception* applies, but points out that the current posture of the case does not involve factual issues regarding exceptions. IOR argues in its motion to dismiss not only that FSIA bars Plaintiff's claims, and also raises numerous independent grounds as to why the three FSIA exceptions pled by Plaintiffs do not apply *as a matter of law*. IOR's Mot. to Dismiss at 9-31. Plaintiffs have made no showing that their requested discovery regarding the allegation that the Vatican Bank engages in criminal activity is crucial to resolving the applicability of any exception. See Kelly v. Syria Shell Petroleum Development, 213 F.3d 841, 851 (5th Cir. 2000) (upholding denial of discovery where

---

[2] There is no evidence of criminal activity before the Court.

3

plaintiffs failed to identify specific facts which would show that an FSIA exception applied); Raccoon Recovery v. Navoi Mining & Metallurgical Kombinet, 244 F. Supp. 2d 1130, 1141 (D. Colo. 2002) (denying FSIA discovery where none of the discovery was reasonably calculated to obtain facts bearing on applicability of FSIA exception). Accordingly, Plaintiffs have not met their burden at this stage of showing that jurisdictional facts are in dispute for purposes of discovery.

Jurisdictional discovery with respect to OFM is not ripe. In general, jurisdictional discovery should be granted "where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430, n. 24 (9th Cir. 1977). If, however, the assertions relating to jurisdiction appear "attenuated and based on bare allegations in the face of specific denials made by defendant," a court would not abuse its discretion in denying discovery. Terracom v. Valley National Bank, 49 F.3d 555, 562 (9th Cir. 1995). Here, OFM moves to dismiss based on standing, not on lack of jurisdiction. Further, OFM has not filed an answer to any of the four complaints in this case, so it has made no specific denials with respect to jurisdiction. Moreover, Plaintiffs have not made a sufficient showing to justify jurisdictional discovery at this stage when OFM is not challenging jurisdiction in its motion to dismiss.

In their papers, Plaintiffs argue briefly that, contrary to the arguments in the motion to dismiss that OFM is a separate juridic entity from its related entities, OFM's website states that it controls other provinces, fraternities and related entities. But Plaintiffs have failed to provide any information as to where that information is located on the website, if at all. Even at the hearing, Plaintiffs' counsel was unable to point to anything posted on OFM's website that would raise an issue of OFM's control of other entities for purposes of jurisdiction. Accordingly, Plaintiffs' Motion for Jurisdictional Discovery from OFM is premature and therefore denied without prejudice. If in the future OFM specifically denies jurisdiction and decides to file a motion to dismiss based on lack of jurisdiction, the Court would be inclined upon proper motion to permit some limited jurisdictional discovery, such as a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) regarding OFM's control over its related entities.

//

**Motion to Provide Materials and Discovery**

Professor Caridi's declaration in support of Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 44.1, refers to numerous foreign language documents. Those documents, or excerpts thereof, are neither attached to the declaration nor otherwise provided to the Court. Plaintiffs seek an order compelling IOR to produce all foreign language documents and translations.

There is no authority requiring production of foreign language documents or their translations under Rule 44.1, although the usual practice is to provide them. See, e.g., Universe Sales Co. v. Silver Castle, 182 F.3d 1036, 1038 (9th Cir. 1999) (expert testimony and excerpts of foreign law is basic way to prove foreign law); Pittway v. United States, 88 F.3d 501, 504, N. 1 (7th Cir. 1996) (stating that ideally parties should provide translations); Haywin Textile Prods v. International Finance Investment, 137 F. Supp. 2d 431 (S.D. N.Y. 2001) (faulting party for not providing English and Bangladeshi documents); Turkey v. OKS, 146 F.R.D. 24, 27 (D. Mass. 1993) (stating that expert testimony is usually accompanied by extracts from foreign legal material). IOR, however, points out that most of the foreign language documents have either already been provided during the six-year course of this litigation or are publicly available. See IOR's Opp'n to Pls.' Mot. at 3:8-10 (core primary source material relating to IOR produced in 2000); n. 4 (other core material such as Code of Canon Law and constitutional document Pastor Bonus widely available in English). Plaintiffs do not argue to the contrary, except to make the strange argument that documents previously produced in this case "do not exist" for purposes of discovery. That argument lacks merit.

IOR states that providing translations would be unduly costly. Plaintiffs, of course, may obtain their own translations of the foreign language documents. In resolving this discovery motion, the Court has balanced the cost to IOR, a presumptive sovereign, against the fact that as a practical matter, translations of the foreign language materials will likely be useful in this case. It appears that a reasonable amount of information regarding relevant documents is publicly available. Accordingly, for the documents relating to each Defendant, each Defendant shall provide to Plaintiffs and to the Court a declaration listing the foreign language documents that are already in

5

the record and their translations, including where in the record those documents are located, and the documents that are otherwise publicly available and have publicly available translations with which Defendants have no material disagreement. Defendants shall provide this information no later than June 30, 2006. If Plaintiff shows that there are crucial documents remaining that are untranslated, the Court may order translations done, perhaps at joint expense. The parties should meet and confer on this issue before seeking further court intervention. Of course, this order only addresses the issue of translations for purposes of discovery between the parties, not what Judge Chesney might require for her purposes.

**IT IS SO ORDERED.**

Dated: June 15, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge