IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL ALPERIN, et al., | No. C-99-4941 MMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SIXTH AMENDED COMPLAINT** |
| v. | |
| VATICAN BANK, et al., | |
| Defendants. | |

Before the Court is plaintiffs' motion, filed March 10, 2009, for leave to file a Sixth Amended Complaint ("6AC"). Defendant Order of Friars Minor ("OFM") has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for April 17, 2009, and rules as follows.

Leave to amend should be freely given when justice so requires. See Fed. R. Civ. P. 15(a)(2). "[F]our factors are commonly used" in determining whether leave to amend is appropriate, specifically, "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The factors, however, "are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend," see id., and "it is the consideration of prejudice to the opposing party that carries the greatest weight," see Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see also DCD Programs, 833 F.2d at 187 (noting "[t]he

party opposing amendment bears the burden of showing prejudice").

Here, OFM asserts, it would be prejudiced if plaintiffs are allowed to file their proposed 6AC. OFM's sole argument, however, is that the action has been pending for ten years and that many of the new allegations in the proposed 6AC, according to OFM, "could have and should have been included in earlier versions of the [c]omplaint." (See Opp'n at 4:11.) As noted, "delay, by itself, is insufficient to justify denial of leave to amend," see DCD Programs, 833 F.2d at 186, and OFM has failed to show how it would be prejudiced by the timing of plaintiffs' proposed amended pleading. Indeed, the proposed 6AC adds no new parties or theories, a trial date has yet to be scheduled, and no discovery has been conducted with respect to the merits of plaintiffs' claims. See Adam v. Hawaii, 235 F.3d 1160, 1164 (9th Cir. 2001) (finding no prejudice where amended complaint "[did] not add new parties or new theories" and "there ha[d] been no discovery, nor ha[d] a trial date been set"), overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001) (en banc).[1]

OFM next asserts the proposed amendment would be futile, for the reason that, according to OFM, "none of the new allegations appear to be critical to any cause of action pled in the current complaint." (See Opp'n at 5:8-9.) OFM has not argued, let alone shown, that "no set of facts can be proved" under the proposed claims as amended that would "constitute a valid and sufficient claim." See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (holding "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").[2]

---

[1] As OFM points out, plaintiffs have previously amended their complaint five times. Although "a district court's discretion over amendments is particularly broad where the court has already given a plaintiff one or more opportunities to amend his complaint," see DCD Programs, 833 F.2d at 186 n.3 (internal quotation and citation omitted), OFM has cited no authority, and the Court is aware of none, suggesting such prior amendment may justify denial of leave to amend where there is no showing of either prejudice or futility.

[2] OFM does not argue that plaintiffs' motion for leave to amend has been brought in bad faith.

2

Accordingly, plaintiffs' motion is hereby GRANTED. Plaintiffs' Sixth Amended Complaint shall be filed no later than May 1, 2009.

**IT IS SO ORDERED.**

Dated: April 14, 2009

_____
MAXINE M. CHESNEY
United States District Judge