IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL ALPERIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE FRANCISCAN ORDER, et al.,<br><br>    Defendants. | No. C-99-4941 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT OFM'S ADMINISTRATIVE MOTION TO EXCEED PAGE LIMITATION** |

    Before the Court is defendant Order of Friars Minor's ("OFM") "Administrative Motion to Exceed Otherwise Applicable Page Limitations for Memorandum of Points and Authorities in Support of Motion to Dismiss," filed May 20, 2009. Plaintiffs have filed opposition.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

    By the instant motion, OFM requests leave to file a 65-page memorandum in support of its motion to dismiss, currently due to be filed June 1, 2009, on the grounds that plaintiffs' Sixth Amended Complaint ("6AC") makes "significant changes" to the two

---

[1] On May 21, 2009, after the filing of plaintiffs' opposition, OFM filed a "Reply Brief" in support of its motion. Such filing was not authorized by the Court, see Civ. L.R. 7-11(c) (providing "[u]nless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without a hearing the day after the opposition is due"), and, consequently, the Court has not considered it. Even if the Court were to consider it, however, the result herein would remain unchanged.

immediately preceding complaints (see Mot. at 2:4), and that, according to OFM, the Court had instructed OFM to raise "all legal defenses available" in the instant motion (see id. at 2:18-19).[2] As set forth below, the Court is not persuaded that OFM should be afforded the substantial increase requested.

First, although the 6AC is longer than plaintiffs' previous complaints, the amendments giving rise to such additional length constitute primarily an elaboration of the allegations made in support of the claims pleaded in those earlier complaints, in an effort to cure the deficiencies noted by the Court in its order of February 21, 2008.

Second, although the Court, in its order of July 17, 2008, expressed its "preference at [that] stage of the proceedings to have all asserted grounds for dismissal fully briefed" (see Order filed July 17, 2008 at 1:27-28), OFM misconstrues the import of such statement. Given the numerous grounds for dismissal raised in OFM's motion to dismiss plaintiffs' Fifth Amended Complaint ("5AC"), the Court had no knowledge that OFM had any intention of raising additional grounds not discussed therein and was not inviting OFM to expand the bases for dismissal on which it was relying.[3] Rather, given Magistrate Judge Elizabeth D. Laporte's July 1, 2008 order granting plaintiffs' motion for discovery relating to the issue of personal jurisdiction, the Court intended only to express its preference not to hear OFM's motion in piecemeal fashion and to await plaintiffs' potential supplementing of their opposition thereto in light of such discovery.

To the extent OFM may require, however, some additional pages to address plaintiffs' new jurisdictional allegations, or to comply with the direction in the Court's July 17, 2008 Order that the parties, in their respective memoranda, support their arguments with specific citation both to the Court's February 21, 2008 order of dismissal and the 6AC

---

[2] Although OFM also notes the case is not "run-of-the-mill" (see id. at 4:21) and that the issues are "complex" (see id. at 4:20), OFM, in previous motions, has been able to adequately present its arguments within the limitations provided by the Civil Local Rules.

[3] To the extent OFM seeks to challenge the sufficiency of the 6AC under Rule 12(b)(6), OFM may do so if the 6AC survives the instant motion.

2

(see Order filed July 17, 2008 at 2 n.1),[4] the Court will afford OFM some limited relief from the page limitations provided by the Civil Local Rules of this District.

Accordingly,

1. OFM's motion is hereby GRANTED in part, and OFM may file a memorandum not to exceed 35 pages in length.

2. In opposing OFM's motion, plaintiffs likewise may file a memorandum not to exceed 35 pages in length.

3. In light of the extended page limits, OFM's motion to dismiss shall be filed no later than June 12, 2009, plaintiffs' opposition shall be filed no later than July 2, 2009, OFM's reply shall be filed no later than July 13, 2009, and the hearing on the motion will be on July 31, 2009.

**IT IS SO ORDERED.**

Dated:  May 27, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[4] As OFM points out, although said directive in the Court's July 17, 2008 Order was issued with respect to the 5AC, it applies equally to the current operative pleading, which is the 6AC.

3