IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL ALPERIN, et al., | No. C-99-4941 MMC |
| Plaintiffs, | **ORDER TO SHOW CAUSE; AFFORDING PLAINTIFFS OPPORTUNITY TO FILE SUR-REPLY; CONTINUING HEARING** |
| v. | |
| THE FRANCISCAN ORDER, et al., | |
| Defendants. | |

Before the Court is defendant Order of Friars Minor's ("OFM") motion, filed June 12, 2009, to dismiss plaintiffs' Sixth Amended Complaint ("6AC"). Plaintiffs have filed opposition, to which OFM has replied.

In its motion, OFM argues, inter alia, that the Court lacks subject matter jurisdiction over the instant action. In their opposition, plaintiffs contend subject matter jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, and the federal question statute, 28 U.S.C. § 1331.[1] In its reply, OFM argues, inter alia, that CAFA is inapplicable herein, as such statute applies only to actions "commenced on or after" February 18, 2005, see CAFA § 9, 119 Stat. at 14, whereas the instant action was commenced in 1999.

---

[1] As OFM points out, the jurisdictional inquiry under both the ATS and § 1331 "is the same." See Sarei v. Rio Tinto, PLC, 487 F.3d 1193, 1201 n.5 (9th Cir. 2007).

As OFM's argument concerning CAFA was raised for the first time in OFM's reply, and, consequently, plaintiffs have not had an opportunity to respond to such argument, the Court will afford plaintiffs an opportunity to file a sur-reply.

Further, to the extent plaintiffs assert that jurisdiction under the ATS may be founded on alleged violations of certain treaties of the United States (see Opp'n at 16:18-17:25), plaintiffs are hereby ORDERED TO SHOW CAUSE why the instant action should not be dismissed for lack of subject matter jurisdiction, for the reason that plaintiffs have failed to show any such treaty creates a private right of action.  See, e.g., United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001) (holding "[a]s a general rule . . . international treaties do not create rights that are privately enforceable in the federal courts"); United States v. Jimenez-Nava, 243 F.3d 192, 195 (5th Cir. 2001) (same); United States v. Li, 206 F.3d 56, 60 (1st Cir. 2000) (same); Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 968 (4th Cir. 1992) (same).

Accordingly, plaintiffs shall file, no later than August 14, 2009, a combined sur-reply and response to the Court's Order to Show Cause.  OFM may file, no later than August 28, 2009, a reply to plaintiffs' response to the Order to Show Cause.

In light of the above, the hearing on OFM's motion to dismiss is hereby CONTINUED to September 11, 2009.

**IT IS SO ORDERED.**

Dated: July 27, 2009

MAXINE M. CHESNEY
United States District Judge