1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   EMIL ALPERIN, et al.,                          No. C-99-4941 MMC

12            Plaintiffs,                            **ORDER DENYING PLAINTIFFS' MOTION
                                                     FOR RECONSIDERATION; DENYING**
13      v.                                           **PLAINTIFFS' MOTION FOR LEAVE TO
                                                     FILE SEVENTH AMENDED COMPLAINT**
14   THE FRANCISCAN ORDER, et al.,

15            Defendants.
     _____/

16

17        Before the Court are two motions: (1) Plaintiffs' "Motion for Reconsideration of

18   Court's Doc. 458 Order Dismissing Plaintiffs' Case for Lack of Subject Matter Jurisdiction";

19   and (2) Plaintiffs' Motion for Leave to File Seventh Amended Complaint, each filed

20   September 21, 2009.  Defendant Order of Friars Minor ("OFM") has filed a single

21   opposition responding to both motions, to which plaintiffs have replied.[1]

22        Having read and considered the papers filed in support of and in opposition to the

23   motions, the Court rules as follows.

24                                    **BACKGROUND**

25        In its order filed September 11, 2009 ("September 11 Order"), the Court dismissed

26   the instant action based on lack of subject matter jurisdiction, holding, inter alia, plaintiffs, in

27

28        _____

          [1] By order dated November 4, 2009, the previously scheduled hearing on the
     motions was vacated.

United States District Court

For the Northern District of California

1    their Sixth Amended Complaint, had failed to allege complete diversity between plaintiffs

2    and OFM, the sole remaining defendant.  See Alperin v. Franciscan Order, No. C-99-4941

3    MMC, 2009 WL 2969465 at *2-3, 8 (N.D. Cal. Sept. 11, 2009).[2]   By the instant motions,

4    plaintiffs ask the Court to "reconsider" its September 11 Order, to reinstate the action, and

5    to grant leave to file a Seventh Amended Complaint for purposes of "dismiss[ing] the

6    foreign [p]laintiffs from this case so the Court may exercise subject matter jurisdiction over

7    this case."  (See Mot. for Reconsideration at 2:19-20.)

8                                    **LEGAL STANDARD**

9          "[C]onsistent with [the] policy of promoting the finality of judgments . . . [o]nce

10   judgment has been entered in a case, a motion to amend the complaint can only be

11   entertained if the judgment is first reopened under a motion brought under Rule 59 or 60" of

12   the Federal Rules of Civil Procedure.  Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir.

13   1996).  In determining such a motion, a district court has "considerable discretion."  See

14   Turner v. Burlington Northern Santa Fe Railroad Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

15   Further, "[w]hile Rule 15(a) establishes that leave to amend should be 'freely given,' post-

16   judgment motions to amend are treated with greater skepticism than prejudgment motions."

17   Premo v. Martin, 119 F.3d 764, 772 (9th Cir. 1997).  The Court next turns to the question of

18   whether plaintiffs have made a sufficient showing under either Rule 59 or Rule 60.[3]

19         Under Rule 59, a district court may "alter or amend a judgment," provided a motion

20   for such relief is filed no later than ten days after entry thereof.  Fed. R. Civ. P. 59(e).  Rule

21   59(e), however, is not intended to permit "a second bite at the apple," and, accordingly, a

22   party seeking to alter or amend a judgment thereby faces "a high hurdle."  See Weeks v.

23

24         [2] The facts as alleged and relevant to the instant motions are set forth in the Court's
25   September 11 Order and, consequently, will not be repeated herein.  See id. at *1-2.

26         [3] In neither of their motions do plaintiffs identify the rule upon which they rely; rather,
     plaintiffs rely solely on Rule 15 and cases discussing amendment prior to entry of
27   judgment.  Plaintiffs' only reference to post-judgment motions appears in a footnote to the
     last sentence of plaintiffs' reply and reads as follows: "Additionally, the Court has the ability
28   to correct injustices under FRCP Rules 60(b)(1) and 60(b)(6).  See: McGraw v. Barnhart,
     450 F.3d 493 (10th Cir. 2006)."

1   <u>Bayer</u>, 246 F.3d 1231, 1236-37 (9th Cir. 2001).  Specifically, a Rule 59(e) motion shall only

2   be granted in four circumstances: "1) the motion is necessary to correct manifest errors of

3   law or fact upon which the judgment is based; 2) the moving party presents newly

4   discovered or previously unavailable evidence; 3) the motion is necessary to prevent

5   manifest injustice; or 4) there is an intervening change in controlling law."  <u>Turner</u>, 338 F.3d

6   at 1063 (internal citations, quotations, and emphasis omitted).  Further, with respect to the

7   third of the above-listed grounds, "reconsideration should not be granted[ ] absent highly

8   unusual circumstances."  <u>See</u> <u>389 Orange Street Partners v. Arnold</u>, 179 F.3d 656, 665

9   (9th Cir. 1999) (holding district court did not abuse its discretion in "declining to address an

10  issue raised for the first time in a motion for reconsideration" under Rule 59(e)).

11          Similarly, Rule 60(b) provides that a district court may "relieve a party . . . from a

12  final judgment, order, or proceeding" only in six enumerated circumstances: "(1) mistake,

13  inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

14  reasonable diligence, could not have been discovered in time to move for a new trial under

15  Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the

16  judgment is void; (5) the judgment has been satisfied, released or discharged; it is based

17  on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

18  longer equitable; or (6) any other reason that justifies relief."  <u>See</u> Fed. R. Civ. P. 60(b).

19  Further, under Rule 60(b)(6), "[j]udgments are not often set aside[;] . . . . [r]ather, the Rule

20  is used sparingly as an equitable remedy to prevent manifest injustice, and is to be utilized

21  only where extraordinary circumstances prevented a party from taking timely action to

22  prevent or correct an erroneous judgment."  <u>Latshaw v. Trainer Wortham & Co.</u>, 452 F.3d

23  1097, 1103 (9th Cir. 2006) (internal citations and quotations omitted).

24                                          **DISCUSSION**

25          Here, as noted, plaintiffs have failed to articulate, other than in the most minimal

26  fashion, any of the above-referenced grounds justifying reconsideration under either Rule

27  59 or 60, let alone provide legal or factual support therefor.  Nor does the record before the

28  Court suggest any such ground exists.

3

At the time the action was dismissed, the case had been pending for close to ten years, with seven complaints having been filed.  Moreover, for nearly sixteen months prior to such dismissal, plaintiffs had been aware of defendant's contention that complete diversity was lacking.  (See Def's Mot. to Dismiss 5AC, filed May 21, 2008.)  Nevertheless, plaintiffs did not seek leave to amend to cure such deficiency during the pendency of the action.  See, e.g., Premo, 119 F.3d at 772 (holding district court did not abuse its discretion in denying relief from judgment where, inter alia, party seeking post-judgment leave to amend had ample opportunity to do so before judgment was entered); see also Charles Alan Wright & Arthur Miller, 6 Federal Practice and Procedure § 1489 (3d ed. 2009) (noting attempts to amend post-judgment subject to "important restrictions" and "relief will not be available in many instances in which leave to amend would be granted in the prejudgment situation").  Plaintiffs offer no explanation for their delay in making their request until after dismissal of the action.  See Weeks, 246 F.3d at 1236-37 (holding no abuse of discretion for district court to deny reconsideration where party failed to seek to amend during seven-month period dispositive motion had been pending).  Nor could the Court have foreseen that, after nearly a decade of litigation, plaintiffs would seek to dismiss from their complaint fourteen of their number, comprising almost half of the parties who sought relief by the filing of the instant action.

Plaintiffs' tactical decision to rely exclusively on their federal-question theories of subject matter jurisdiction and not to request leave to amend, at least in the alternative, to create diversity does not entitle them to reinvent the action in order to have the proverbial second bite after the action has been dismissed.  See Latshaw, 452 F.3d at 1101 (holding "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret").

//

//

//

4

1

**CONCLUSION**

2        For the reasons discussed above, plaintiffs' motions for reconsideration and for

3    leave to file a Seventh Amended Complaint are hereby DENIED, without prejudice to

4    plaintiffs' refiling their state-law claims in a state forum.

5        **IT IS SO ORDERED.**

6

7    Dated: November 13, 2009

8                                                          MAXINE M. CHESNEY
                                                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28